**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In the Matter of the Search of 5807 HILLBURNE WAY, CHEVY CHASE, MD 20815. | Case No. 8:21-mj-01202-GLS |

**UNITED STATES' RESPONSE TO MOTION TO INTERVENE AND UNSEAL**

The United States does not oppose Movants' request to intervene and unseal the search warrant materials.[1] *See* ECF No. 6. The United States Attorney's Office for the District of Maryland and the Federal Bureau of Investigation sought and obtained a search warrant on April 22, 2021, for the iPhone and iPad of Victoria Toensing and all storage media contained therein. That warrant was part of a string of numerous warrants (the first occurring in August 2019) in an investigation led by the United States Attorney's Office for the Southern District of New York that ultimately resulted no criminal charges against Mrs. Toensing. Seeking to promote the twin cornerstones of our Nation's justice system—transparency and accountability—the Department of Justice does not oppose Movants' request to unseal the Search Warrant and Search Warrant Application dated April 22, 2021, as well as the supporting affidavit and any other related materials (collectively, the "Search Warrant Materials"). Should the Court Order the unsealing of the same,

[1] The United States attempted to timely file the instant response via CM/ECF by the deadline of August 10, 2026, pursuant to the Court's Order (July 22, 2026) (ECF No. 14) but encountered technical errors preventing filing on the docket. As such, the United States transmitted this response to Chambers and opposing counsel via email at 9:42 PM on August 10, 2026.

the United States requests that it submit redacted versions of said materials to the Court within seven (7) days of said Order.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). That practice respecting the common law right of access reflects the significant authority courts wield over Americans' ordinary lives, which gives rise to the public's "desire to keep a watchful eye on the workings of public [institutions]." *Id.* at 598. Absent public access, arbitrary judicial behavior would go undeterred, and the public could not "judge the product of the courts in a given case." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000)).

Recognizing that public monitoring is an essential feature of democratic control, the Fourth Circuit "presumes a right of the public to inspect and copy all judicial records and documents." *Virginia Dep't of State Police*, 386 F.3d at 575. That presumption is rebutted and disclosure is barred only "if countervailing interests heavily outweigh the public interests in access." *Id.* In conducting that balance, district courts must "consider whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 171 (4th Cir. 2024) (quotations and citations omitted). Regardless, "[t]he right of access yields only when the government can demonstrate that 'sealing is essential to preserve higher values and is narrowly tailored to serve that interest.'" *In re Search of 8420 Ocean Gateway Easton, Maryland*, 353 F. Supp. 2d 577, 579 (D. Md. 2004), *aff'd sub*

*nom. In re Search Warrants Issued on Apr. 26, 2004*, 353 F. Supp. 2d 584 (D. Md. 2004) (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65–66 (4th Cir. 1989)).

Here, continued sealing of the Search Warrant Materials is not warranted because this Court treats the Search Warrant Materials as judicial documents and records, *see In re Motion to Intervene & Unseal Search Warrant Recs.*, No. 25-MC-00539, 2025 WL 2637470, at *1 (D. Md. Sept. 12, 2025) (explaining the public right of access encompasses the public's "right to know the basis upon which a judge issued a search warrant"), and any countervailing interests do not outweigh disclosure under the specific circumstances of this case.

First, although law enforcement certainly has a significant interest in protecting the integrity of ongoing investigations, that interest does not preclude unsealing here. On November 14, 2022, the Department of Justice affirmatively disclosed that its multi-year investigation that led to the search of Mrs. Toensing's home had concluded, and no charges would be brought as to any individuals not already indicted at that time. *See* Letter Addressed to Judge J. Paul Oetken from AUSA at 51, *In re Search Warrants dated April 21, 2021, and April 28, 2021*, No. 21-MC-425 (S.D.N.Y. Nov. 14, 2021). Thus, courts' recognition that law enforcement's interest in protecting the integrity of an investigation is lowered after a warrant has been executed or an investigation closed, controls here. *See Goetz*, 886 F.2d at 64 (finding that "frequently . . . warrant papers including supporting affidavits are open for inspection by the press and public in the clerk's office after the warrant has been executed"); *In re Search of 8420 Ocean Gateway Easton, Maryland*, 353 F. Supp. 2d at 584 (finding that search warrant affidavits which "do[] not set out future, or even ongoing aspects of [a] pending investigation" do not "materially compromise or interfere with [an] investigation"); *Cf. Edokobi v. U.S. Gen. Servs. Admin.*, No. CV TDC-17-2469, 2018 WL 4639102, at *7 (D. Md. Sept. 27, 2018) (finding "there is no reason that" investigative

materials need to "remain [sealed] after October 2013, when the five-year statute of limitations on any charges arising from the search would have expired").

Second, the broad array of privacy interests concerning search warrant materials does not favor disclosure under the specific facts of this case. Investigative targets may have a privacy interest in sealing investigative materials to shield them from undue public criticism and to ensure they receive a fair trial if later indicted. *See In re s 2703(d)*, 787 F. Supp. 2d 430, 442 (E.D. Va. 2011) ("[S]ecrecy prevents unnecessary exposure of those who may be the subject of an investigation, but are later exonerated."). Those interests extend to individuals whose names appear in search warrant materials who are not the subject of the investigation. And the Department and its investigative agencies also have a privacy interest in the subject matter and methods of investigation, its theories of criminal conduct, confidential informants, and the need to preserve the integrity and secrecy of investigations. *See, e.g.*, *Va. Dep't of State Police*, 386 F.3d at 574 ("[L]aw enforcement agencies must be able to investigate crime without the details of the investigation being released to the public in a manner that compromises the investigation."); *In re s 2703(d)*, 787 F. Supp. 2d at 442 (noting secrecy of warrant materials "protects the safety of law enforcement officers and prevents destruction of evidence" and "also protects witnesses from intimidation or retaliation"). Often, those privacy interests counsel in favor of sealing search warrant materials. But here, those concerns are reduced given 1) Mrs. Toensing herself seeks unsealing; 2) the Department has concluded its criminal case against other individuals related to this matter; 3) the Department publicly disclosed the investigation is over and no further individuals would be charged; and 4) the subject matter of the investigation has already been the

subject of widespread media attention and publicly debated. Under those specific circumstances, the Department does not believe any privacy interests bar unsealing.[2]

Third, the Department is not aware of any suggestion that Movants seek unsealing for any improper purpose or monetary gain that would counsel against unsealing. Nor is the Department aware of any reason why the public's understanding of previously reported investigation would not be enhanced by unsealing.

Accordingly, to promote transparency and accountability for the American people, the Department does not oppose Movants' request to unseal the Search Warrant Materials. [3]

DATED: August 10, 2026

Respectfully submitted,

STANLEY E. WOODWARD, JR.
*/s/ Stanley E. Woodward, Jr.*
Associate Attorney General
(D. Md. Bar No. 18115)

ANNA L. EDWARDS
Counsel to the Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
anna.edwards@usdoj.gov

*Counsel for the United States*

---

[2] To ensure the personal privacy interests of federal agents, prosecutors, and third parties who have not consented to disclosure, however, the Department requests permission to submit a proposed copy of the Search Warrant Materials with limited redactions to the Court for consideration within seven days of the Court's ruling on the instant motion.
[3] Because the common law right of public access requires unsealing of the Search Warrant Materials, this Court need not reach the movants' basis for unsealing under the First or Fourth Amendment.

**CERTIFICATE OF SERVICE**

On August 13, 2026, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/s/ Stanley E. Woodward, Jr.*